UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
UNITED STATES OF AMERICA,              :
                                       :
              -v-                      :          97cr269 (DLC)
                                       :
JESSE BAILEY,                          :
                                       :          MEMORANDUM OPINION
                      Defendant.       :             AND ORDER
                                       :
---------------------------------------X

DENISE COTE, District Judge:

     Jesse Bailey has filed a motion for compassionate release
under Title 18, United States Code, Section 3582(c)(1)(a).  For
the following reasons, his motion for compassionate release is
denied.

     In 1999, a jury convicted Bailey of conspiracy to commit
kidnapping, in violation of Title 18, United States Code,
Section 371, and kidnapping resulting in death, in violation of
Title 18, United States Code, Section 1201(a)(1).  The evidence
presented at trial revealed that Bailey and an accomplice
confronted the victim at her workplace in Connecticut, hit her
and choked her until she was rendered unconscious.  They then
kidnapped her.  After further abuse, the victim was again
rendered unconscious and placed in the trunk of her car.  Bailey
and his accomplice then drove the victim to New York.  With the
victim remaining in the trunk of the car, Bailey doused the car

in gasoline and set it on fire.  The victim was not dead when the fire began but died in the burning car.

Bailey was subject to a mandatory sentence of life imprisonment as a result of his conviction, and the Court imposed one on October 15, 1999.  He is now 69 years old and is serving his sentence at Federal Correctional Institution -- Otisville.

On May 2, 2021, Bailey requested compassionate release from his warden, citing the dangers posed by the COVID-19 pandemic as a basis for compassionate release.  His request was denied on May 26.  He then moved this Court for compassionate release on June 29, contending that the risks associated with COVID-19 and his extraordinary rehabilitation merited a sentence reduction.[1] In an Order of that date, counsel was appointed to represent Bailey in moving for compassionate release.  Bailey, represented by counsel, moved again for compassionate release on September 9.  The Government opposed his motion for compassionate release on October 8 and the motion became fully submitted on October 14.

It is assumed for the purposes of this Opinion that Bailey has satisfied the administrative exhaustion requirement of the

---

[1] Bailey's motion for compassionate release is not dated, but it was received and docketed by this Chambers on June 29, 2021.

compassionate release statute.[2]  18 U.S.C. 3582(c)(1)(A).

Therefore, the Court may reduce Bailey's sentence if

"extraordinary and compelling reasons" warrant reduction.  18

U.S.C. § 3582(c)(1)(A)(i).  District courts are entitled to

"independently . . . determin[e] what reasons . . . are

extraordinary and compelling."  United States v. Brooker, 976

F.3d 228, 234 (2d Cir. 2020) (citation omitted).  If Bailey has

shown that "extraordinary and compelling reasons" for

compassionate release are present, the Court must also consider

the sentencing factors set forth at 18 U.S.C. § 3553(a) before

reducing his sentence.

     The motion for compassionate release is denied because

Bailey has not presented an extraordinary and compelling reason

for compassionate release.  As extraordinary and compelling

reasons for compassionate release, Bailey cites his

---

[2] While Bailey's motion for compassionate release focuses on both
COVID-19 risk and his rehabilitation, Bailey's administrative
request for compassionate release addressed only his COVID-19
risk and did not cite his rehabilitation.  The parties dispute
whether Bailey's failure to present rehabilitation in his
administrative request prohibits this Court from considering the
rehabilitation issue at this time, because Bailey has not
exhausted his administrative remedies with respect to
compassionate release premised on rehabilitation by presenting
the rehabilitation issue in an administrative request to his
warden.  The Court need not resolve the question of whether a
petitioner need exhaust his administrative remedies with respect
to each issue presented in a motion for compassionate release
because, for the reasons set forth in this Opinion, Bailey's
motion for compassionate release fails on the merits.

extraordinary rehabilitation and his risk of continued incarceration given the ongoing COVID-19 pandemic, his age, and several chronic medical conditions.  While the intersection of the COVID-19 pandemic and underlying health conditions can serve as an extraordinary and compelling circumstance justifying compassionate release, Bailey is fully vaccinated against COVID-19 and his medical records indicate that his chronic health conditions are well-controlled.  Bailey's risk of continued incarceration given the COVID-19 pandemic does not qualify as an extraordinary and compelling circumstance.  That leaves rehabilitation as Bailey's sole viable basis for compassionate release.  But "rehabilitation alone shall not be considered an extraordinary and compelling reason" for compassionate release. Brooker, 976 F.3d at 238 (quoting 28 U.S.C. § 994(t)).

Even if Bailey had demonstrated extraordinary and compelling circumstances for compassionate release, the § 3553(a) factors weigh against compassionate release.  Bailey's brutal and atrocious crime was the culmination of a lengthy pattern of violent criminal conduct.  Although Bailey has demonstrated efforts at rehabilitation during his incarceration, considerations of public safety and appropriate deterrence continue to indicate that his sentence is warranted. Accordingly, it is hereby

ORDERED that Bailey's motion for compassionate release is denied.

Dated:     New York, New York
           October 22, 2021


                                    _____
                                            DENISE COTE
                                    United States District Judge